# ORIGINAL

FILED IN CLERK'S OFFICE
MAR - 8 2004
LUT...
By: ........ Clerk
Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| GLORIA WALKER, | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION |
| | ) |
| v. | ) FILE NO.: **1-04-CV 0649** |
| | ) |
| HENRY COUNTY and Individual | ) |
| DEFENDANT RALPH MCCANLESS | ) **JURY TRIAL DEMANDED** |
| | ) |
| Defendants. | ) **-MHS** |

## COMPLAINT

**COMES NOW Gloria Walker** (hereinafter "Ms. Walker"), Plaintiff, by and through her undersigned counsel, and sets forth her Complaint for Damages against the above-named Defendants Henry County Georgia, a governmental entity within the State of Georgia (hereinafter "Henry County"), and individual defendant Ralph McCanless (hereinafter "Defendant McCanless) as follows:

## JURISDICTION

1.

This action is for race and sex discrimination and retaliation arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq. (hereinafter "Title VII") Plaintiff seeks declaratory and injunctive relief, back pay,

front pay, compensatory damages, punitive damages and attorney's fees and costs.   The claims herein present a federal question thus jurisdiction is proper before this Court pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343.   Plaintiff further invokes pedant jurisdiction of this Court to hear and decide claims arising under the laws of the State of Georgia.

## VENUE

2.

All parties to this action reside or are located within the boundaries of this judicial district, and venue is proper pursuant to, *inter alia*, 28 U.S.C. Section 1391(b) and 42 U.S.C. Section 2000e-(f)(3).   Moreover, all actions alleged herein occurred within the Northern District of Georgia.   Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c).

## PARTIES

3.

Plaintiff, Gloria Walker, is a black female resident of the Northern District of Georgia, and at all times relevant to this matter was employed as a Senior Buyer by the Defendant Henry County.

4.

This Court has personal jurisdiction over Henry County.. Henry County, is now, and at all times relevant to this action

has been, a local governmental entity within this judicial district.   Defendant Henry County may be served with a Summons and the Complaint by hand delivery to the Honorable Leland Maddox, Chairman of the Henry County Board of Commission, 140 Henry Parkway, McDonough, Georgia 30253, if formal service of process is not waived.

5.

At all times relevant to her lawsuit, Defendant Henry County has employed in excess of 500 employees.

6.

This Court has personal jurisdiction over Ralph McCanless. Defendant Ralph McCanless is an adult male residing in the Northern District of Georgia.   At all times relevant to this action, Defendant McCanless was Plaintiff's immediate supervisor at Defendant Henry County and Defendant McCanless was an agent and officer of Defendant Henry County.

7.

Defendant McCanless may be served at his place of residence located at 9272 Chestnut Lane Drive, Jonesboro, Georgia 30236, if formal service of process is not waived.

## ALLEGATIONS

8.

Plaintiff incorporates by reference paragraphs 1 through 7 of this Complaint as if fully set forth herein.

9.

On or about July 12, 1999 Plaintiff was hired as a Clerk by the Defendant, Henry County.

10.

On or about August 2000, Plaintiff was promoted to the position of Senior Buyer by Defendant Henry County.

11.

Plaintiff's immediate supervisor while employed at Defendant Henry County was Defendant McCanless, the Director of Purchasing.

12.

Defendant McCanless' immediate supervisor was Jim Risher, who was at all times relevant, the Henry County Manager.   Jim Risher reported directly to the Henry County Board of Commissioners.

13.

While employed as a Senior Buyer, Plaintiff was regularly and consistently required to endure racial slurs, sexual overtures, inappropriate sexual comments and propositions from Defendant McCanless.

14.

While serving as Plaintiff's immediate supervisor, Defendant McCanless made sexual overtures to Plaintiff.

15.

At all times relevant, Defendant McCanless requested that Plaintiff perform inappropriate tasks, such as sew buttons on his shirt.  On three separate occasions, Defendant McCanless would either enter the office of Plaintiff or demand that Plaintiff go into his office, shut the door, remove his shirt and demand that Plaintiff sew on his button. On each such occasion, Plaintiff protested and suggested that Defendant McCanless have his wife sew his buttons on his shirts.

16.

On all such occasions, Plaintiff feared for her job and reluctantly sewed Defendant McCanless' button on his shirts.

17.

While Plaintiff was employed by Henry County, Defendant McCanless made an inappropriate proposition to Plaintiff. One such proposition occurred following a purchasing conference, when Defendant McCanless repeatedly insisted that the Plaintiff have a drink with him at the hotel bar. Defendant McCanless implied in this and on other occasions that if Plaintiff was receptive to his sexual advances that she would advance more rapidly with Defendant Henry County.

18.

While Plaintiff was employed by Henry County, Defendant McCanless made inappropriate comments to Plaintiff. On one such occasion, Plaintiff, suffering from a headache asked Defendant McCanless to enter his office to get an aspirin, Defendant McCanless replied that she was welcome to enter his office so long as she removed her clothes then bend over so he could take a look at her headache.

19.

While Plaintiff was employed by Henry County, Defendant McCanless made several inappropriate comments to Plaintiff. On another occasion, Plaintiff and a co-worker were approached by

Defendant McCanless who informed the co-worker in the presence of the Plaintiff that she did not need to lose any more weight because she was loosing her "boobs" and "ass" and he likes a woman with an ass.

### 20.

While Plaintiff was employed by Henry County, Defendant McCanless made several inappropriate comments to Plaintiff.   On yet another occasion, Defendant McCanless upon his return from lunch described to the Plaintiff and the rest of the Purchasing Department staff that he had just observed a woman bending over into her car when a gust of wind blew causing her dress to flip up and reveal her bare bottom.

### 21.

While Plaintiff was employed by Henry County, Defendant McCanless refused to allow Plaintiff, a black female, to perform functions critical to her upward mobility and essential to her then-current position as a Senior Buyer while allowing a white female employee, with substantially less qualifications, in a clerical position to obtain skills and perform functions that allowed the white female to obtain promotions within the Purchasing Department.

22.

While Plaintiff was employed by Henry County, Defendant McCanless refused to allow her to perform all of the functions of a Senior Buyer, including but not limited to performing the function of procuring sealed bids. Defendant McCanless refused to allow Plaintiff to obtain sealed bids even though he was aware that performance of such function was a prerequisite to Plaintiff obtaining a promotion in the Purchasing Department.

23.

Defendant McCanless authorized, encouraged and supported a white male employee who at one time held the position of Senior Buyer. In the position of Senior Buyer, the aforementioned employee was given the opportunity to perform all of the functions of the position including coordinating the purchase of equipment, supplies and services required by Defendant Henry County. More specifically, the aforementioned white male employee in his position as Senior Buyer was responsible for procuring telephone bids, written bids, sealed bids, and for assisting the Department Manager in formulating and implementing policies and procedures. On information and belief, the white male employee was later promoted to a Purchasing Agent position.

24.

Defendant McCanless refused Plaintiff's request to attend training in Atlanta to increase her professional buyer skills while allowing a white female clerical employee with less qualifications than Plaintiff to attend training in Orlando, Florida in Disney World. Although Defendant McCanless refused Plaintiff's request for in-state training, Defendant McCanless informed Plaintiff that she was required to attend the Orlando, Florida training that he approved for the white female clerical employee to attend. Plaintiff was informed that her attendance was required in order for Plaintiff to keep the white female company. Defendant McCanless again implied that if Plaintiff would engage in sexual relations with him that she could obtain the training that she wanted.

25.

Defendant McCanless refused to allow Plaintiff to perform functions as a Senior Buyer by refusing to allow her to attend critical vendor meetings while allowing a white female clerical employee, with substantially less qualifications, to attend vendor meetings and perform tasks that were Plaintiff's responsibility.

26.

Defendant McCanless recommended annual pay increases for Purchasing Department staff to Jim Risher who then made recommendations to the Henry County Board of Commission.

27.

On information and belief and at all times relevant, Defendant McCanless recommended a pay raise of 2.5% for Plaintiff and another black female employee in the Purchasing Department while recommending pay raises of 5% to 10% for the white employees in the Purchasing Department.  As a result thereto, Plaintiff received substantially lower pay raises then her white colleagues.

28.

Jim Risher and Defendant Henry County approved annual pay raises of 2.5% for the black employees in the Department, including Plaintiff, while approving pay raises of 5% to 10% for white employees.

29.

Plaintiff received excellent performance reviews and accolades while employed by Defendant Henry County.

30.

Pursuant to the Henry County Employee Policy Manual, employees may not transfer until they have been employed by the

County for at least one year. Immediately following the passage of one year of employment with the County, Plaintiff began seeking transfers.

31.

In July 2000 Plaintiff, frustrated by the hostile work environment, attempted to transfer to another Department within Defendant Henry County. On six separate occasions, Plaintiff sought transfers to positions within the Henry County employment system, including transfers to: Judicial Assistant, Public Information Officer, Fire Educator, Administrative Assistant for the Board of Commissioners, Appraiser in the Tax Assessor's Office and Senior Services Department Employee.

32.

Henry County policy dictates that initially job vacancies are to be filled internally, by candidates seeking the position from within the County if at all possible. On information and belief, Defendant Henry County denied Plaintiff's request to transfer into positions in which she was qualified and instead hired less qualified candidates to fill said positions.

33.

On or about May 2002, Defendant McCanless filed a Personnel Action against the Plaintiff allegedly for making an unauthorized purchase. Upon receipt of the Personnel Action,

Plaintiff sought a grievance hearing to dispute the fairness of the Personnel Action and met with the Human Resources Director, Rudene Oliver and the County Manager, Jim Risher.

34.

During the aforementioned meeting with the Human Resources Director and Jim Risher, Plaintiff enlightened both parties as to Defendant McCanless' disparate treatment and inappropriate behavior.   Jim Risher assured Plaintiff that the Personnel Action was an unfounded false disciplinary filing and instructed the Human Resources Director, Rudene Oliver to remove the Personnel Action form from Plaintiff's file.

35.

Thereafter, on or about June 2002 Plaintiff met with Henry County Commissioners, Phil Crosby and Nita Spraggins, and advised them as to Defendant McCanless' disparate treatment and inappropriate behavior.   Plaintiff was assured at this meeting that Defendant Henry County would take corrective action against Defendant McCanless, as they would no longer tolerate his behavior.

36.

On or about June 4, 2002, Plaintiff filed a Charge of Discrimination alleging racial and gender discrimination with the Equal Employment Opportunity Commission (hereinafter referred to as the "EEOC"). (Charge of Discrimination #110-A2-03085, attached hereto as "Exhibit A") On June 20, 2002, Defendant Henry County placed Plaintiff on administrative leave with pay pending an investigation of her charges.

37.

Prior to the completion of its investigation, Defendant Henry County returned Defendant McCanless to his prior position as Director of Purchasing. Plaintiff was never offered an opportunity to return to her position as a Senior Buyer.

38.

After its investigation, Defendant Henry County attempted to place Plaintiff in any administrative/clerical position, other than her Senior Buyer position, including a made up position for Plaintiff and requested that she report to the Finance Department on August 13, 2002.

39.

Upon her arrival at the Defendant Henry County's Finance Department, Plaintiff was informed that her office, a storage room, was not ready. When Plaintiff inquired as to her responsibility, she was informed that no one knew what her responsibilities were as the Defendant Henry County had "made up" a position for her. Plaintiff left the premises after being informed that her office was not ready and that Defendant Henry County really did not have a job for her to do.

40.

On September 10, 2002 Jim Risher and Defendant Henry County terminated Plaintiff for purportedly failing to accept a position in the Finance Department. Plaintiff was and continues to be unqualified for said position, as it required a background in accounting. Plaintiff has no prior accounting experience.

41.

On or about September 11, 2002, Plaintiff filed another Charge of Discrimination alleging retaliation with the Equal Employment Opportunity Commission (hereinafter referred to as the "EEOC"). (Charge of Discrimination #110-A2-04349, attached hereto as "Exhibit B")

42.

On September 12, 2002, Plaintiff filed an appeal of her discharge with Defendant Henry County. On October 14, 2002, a hearing was held before the Henry County Board of Commission.

43.

During the October 14, 2002 hearing, Plaintiff was informed by Defendant Henry County that she could continue to work for Henry County but only if she was willing to take a clerical position, or take a position which required her to be out in the field. The only other option presented to Plaintiff by Defendant Henry County was to either resign or be terminated.

44.

Defendant Henry County again terminated Plaintiff's employment effective October 14, 2002 and issued to Plaintiff back pay from the initial date of termination, September 12, 2002 through the October 14, 2002 date of termination.

45.

The Plaintiff has timely exhausted her administrative remedies.

46.

On or about December 9, 2003 Plaintiff received her Notice of Right to Sue on both charge numbers from the EEOC. (Notice of Right to Sue on charge No. 110-A2-030805, attached hereto as "Exhibit C" and Notice of Right to Sue on charge No. 110-A2-04349, attached hereto as "Exhibit D") Plaintiff has filed this action under Title VII within ninety days after receipt of her "Notice of Right to Sue" letters.

47.

Upon information and belief, Defendant McCanless never received a written reprimand or any adverse employment consequences for his inappropriate behavior.

48.

Because of the stress caused by the sexual harassment and racial discrimination, Plaintiff's emotional and physical well-being has significantly deteriorated, and she was forced to seek psychological treatment.

49.

Defendant Henry County took no significant or meaningful remedial action against Defendant McCanless for his lewd sexual harassment and apparent discrimination of Plaintiff.

50.

Defendant Henry County perpetuated the sexual harassment against Plaintiff by failing to take any meaningful remedial action against Defendant McCanless.

51.

By failing to take any significant or meaningful remedial action against Defendant McCanless for his lewd sexual harassment of Plaintiff and racial discrimination of Plaintiff, Defendant Henry County and Jim Risher condoned and ratified Defendant McCanless' lewd sexual harassment against Plaintiff, and his racial discrimination of Plaintiff.

52.

At all times relevant to this Complaint, Defendant McCanless was an agent and officer of Defendant Henry County and as such, his conduct is imputed to Defendant Henry County.

53.

At all times relevant to this Complaint, Plaintiff's job performance with Defendant Henry County was consistently satisfactory.

54.

Despite Plaintiff's complaints to her superiors at Defendant Henry County, including a her report to Jim Risher, no

action was taken by Defendant Henry County or Jim Risher to end aforesaid conduct and/or provide Plaintiff with a non-hostile and non-discriminatory environment in which Plaintiff could continue to work.

55.

On information and belief, other female employees of Defendant Henry County have been subjected to sexual harassment by Defendant McCanless and have reported said sexual harassment, but Defendant Henry County or Jim Risher has taken no action against Defendant McCanless.

56.

On information and belief, other blacks and/or Hispanic employees of Defendant Henry County have been subjected to racial discrimination by Defendant McCanless and have reported said discrimination, but Defendant Henry County or Jim Risher has taken no action against Defendant McCanless.

57.

Supervisors at Defendant Henry County have been allowed to flourish within the office an atmosphere that enables white male employees, such as Defendant McCanless, to sexually harass female co-workers and to treat blacks disparately. Defendant Henry County and Jim Risher have taken no action to eliminate aforesaid atmosphere.

58.

At all times relevant to this action, Defendant McCanless, Jim Risher and Defendant Henry County have acted with gross negligence toward, and with reckless disregard for, Plaintiff's safety and well-being.

59.

As a direct result of the conduct of the Defendants complained of above, Plaintiff has suffered and is continuing to suffer great physical, mental, and emotional anguish.

60.

Due to continued harassment and disparate treatment, Plaintiff suffered psychological and physical stress related injuries.

61.

All conditions precedent to the institution of this lawsuit have been fulfilled and this action is properly before this Court.

## FIRST CAUSE OF ACTION:

## VIOLATION OF TITLE VII- SEXUAL HARRASSMENT WITH TANGABLE

## EMPLOYMENT ACTION

62.

Plaintiff incorporates by reference paragraphs 1 through 61 of this Complaint as if fully set forth herein.

63.

Plaintiff is female and therefore is a member of protected classes under Title VII.

64.

While employed by Defendant Henry County, Plaintiff was subjected to unwelcome sexual harassment based upon her membership in the above-mentioned protected class.

65.

Defendant Henry County was specifically advised of Defendant McCanless' sexual harassment of Plaintiff.   On information and belief, other employees similarly situated to Plaintiff also complained to management of sexual harassment and inappropriate behavior by Defendant Henry County.

66.

Defendant Henry County therefore had actual and/or constructive knowledge of Defendant McCanless' harmful actions against Plaintiff and failed to take prompt and proper remedial action reasonably calculated to end the harassment.   Moreover, it was foreseeable to Defendant Henry County that absent remedial action, Defendant McCanless would continue to engage in sexual harassment and misconduct against Plaintiff and others.

67.

Defendant Henry County willfully and wantonly disregarded Plaintiff's federally protected rights.

68.

The Plaintiff suffered a tangible job action.

69.

The aforementioned sexual harassment by Defendant McCanless unreasonably interfered with Plaintiff's work performance and created an intimidating, hostile, and offensive working environment for Plaintiff affecting the terms, conditions, and privileges of Plaintiff's employment. Defendant Henry County imposed these conditions on Plaintiff because of her sex and thereby violated Section 703 of Title VII of the Civil Rights Act of 1964.

70.

As a direct and proximate result of Defendant Henry County's above-mentioned discriminatory actions and/or omissions, Plaintiff has suffered lost wages and benefits and lost, or significantly diminished, employment opportunities. Further, Plaintiff has suffered, and continues to suffer, severe and grievous emotional distress anxiety, nervousness, humiliation, pain and suffering including, but not limited to,

psychological harm and agony for which Plaintiff may recover from Defendant Henry County.

## SECOND CAUSE OF ACTION

## VIOLATION OF TITLE VII- SEXUAL HARASSMENT

## WITHOUT A TANGIBLE EMPLOYMENT ACTION

71.

Plaintiff hereby incorporates, as if specifically set forth herein, each and every allegation contained in the preceding paragraphs 1 through 70.

72.

Defendant McCanless attempted to garner sexual consideration from Plaintiff. Plaintiff was required to sew on Defendant McCanless' buttons and tolerate his sexual innuendos as an implicit manner of gaining job benefits, including but not limited to being able to maintain employment with Defendant Henry County.

73.

Defendant McCanless made repeated sexual advances toward Plaintiff while reminding Plaintiff that he was her supervisor.

74.

Defendant Henry County willfully and wantonly disregarded Plaintiff's federally protected rights.

75.

The aforementioned sexual harassment by Defendant McCanless unreasonably interfered with Plaintiff's work performance and created an intimidating, hostile, and offensive working environment for Plaintiff affecting the terms, conditions, and privileges of Plaintiff's employment. Defendant Henry County imposed these conditions on Plaintiff because of her sex and thereby violated Section 703 of Title VII of the Civil Rights Act of 1964.

76.

Henry County knew or should have known of the harassment and failed to take prompt and remedial measures to stop it.

77.

The Plaintiff suffered damages as a result of the harassment.

78.

As a direct and proximate result of Defendant Henry County's above-mentioned discriminatory actions and/or omissions, Plaintiff has suffered lost wages and benefits and lost, or significantly diminished, employment opportunities. Further, Plaintiff has suffered, and continues to suffer, severe and grievous emotional distress anxiety, nervousness,

humiliation, pain and suffering including, but not limited to, psychological harm and agony for which Plaintiff may recover from Henry County.

### THIRD CAUSE OF ACTION

### VIOLATION OF TITLE VII-RACIAL DISCRIMINATION

79.

Plaintiff hereby incorporates, as if specifically set forth herein, each and every allegation contained in the preceding paragraphs 1 through 78.

81.

Plaintiff is black female and therefore is a member of protected classes under Title VII.

82.

At all relevant times, Defendant McCanless was Plaintiff's immediate supervisor.

83.

Defendant McCanless had the ability to hire, fire, discipline, demote, and/or layoff Plaintiff.

84.

Henry County is liable for the actions of Defendant McCanless.

85

While employed by Defendant Henry County, Plaintiff was subjected to disparate treatment based upon her membership in the above-mentioned protected class.

86.

Ms. Walker suffered damages as a result of this discrimination.

87.

Plaintiff was subjected to disparate treatment in wages, transfers, and promotional opportunity. Defendant Henry County gave Plaintiff substantially less annual pay raises due to her race, being black, in violation of Title VII.

88.

Defendant Henry County was specifically advised of Defendant McCanless' racial discrimination of Plaintiff. On information and belief, other employees similarly situated to Plaintiff also complained to management of racial discrimination by Defendant McCanless.

89.

As a direct and proximate result of Defendant Henry County's above-mentioned discriminatory actions and/or omissions, Plaintiff has suffered lost wages and benefits and lost, or significantly diminished, employment opportunities.

Further, Plaintiff has suffered, and continues to suffer, severe and grievous emotional distress anxiety, nervousness, humiliation, pain and suffering including, but not limited to, psychological harm and agony for which Plaintiff may recover from Defendant McCanless, Jim Risher and Defendant Henry County, jointly and severally.

### FOURTH CAUSE OF ACTION

### VIOLATION OF TITLE VII – DIRECT EVIDENCE GENDER DISCRIMINATION

90.

Plaintiff incorporates by reference paragraphs 1-89 of this Complaint as if fully set forth herein.

91.

Plaintiff was employed by Henry County.

92.

At all relevant times, Defendant McCannless was Plaintiff's supervisor.

93.

Defendant McCanless had the ability to hire, fire, discipline, demote, and/or layoff Plaintiff.

94.

Defendant McCanless on behalf of Henry County discriminated against Ms. Walker due to her gender.

95.

Direct Evidence of Defendant McCanless' motives exist regarding some of his comments to Ms. Walker as cited above.

96.

Henry County is liable for the actions of Defendant McCanless.

97.

Ms. Walker suffered damages as a result of this discriminaiton.

98.

As a direct and proximate result of Henry County's above-mentioned discriminatory actions, Plaintiff has suffered lost wages and benefits, significantly diminished future employment opportunities, and emotional distress consisting of outrage, shock, and humiliation.

## FIFTH CAUSE OF ACTION

## VIOLATION OF TITLE VII- CIRCUMSTANTIAL EVIDENCE GENDER

## DISCRIMINATON

99.

Plaintiff incorporates by reference paragraphs 1-98 of this Complaint as if fully set forth herein.

100.

Plaintiff was employed by Henry County.

101.

Defendant McCanless was employed by Henry County as the Plaintiff's supervisior.

102.

Defendant McCanless had the ability to hire, fire, discipline, demote, and/or layoff Plaintiff.

103.

Defendant McCanless on behalf of Henry County discriminated against Ms. Walker due to her gender.

104.

Circumstantial Evidence exist which demonstrates that (1) Ms. Walker is a member of a protected class; (2) she was subjected to adverse employment action; (3) her employer treated similarly situated male employees more favorably; and (4) she was qualified to do the job

105.

Henry County is liable for the actions of Defendant McCanless.

106

Ms. Walker suffered damages as a result of this discriminaiton.

107.

As a direct and proximate result of Henry County's above-mentioned discriminatory actions, Plaintiff has suffered lost wages and benefits, significantly diminished future employment opportunities, and emotional distress consisting of outrage, shock, and humiliation.

## SIXTH CAUSE OF ACTION:

### VIOLATION TITLE VII – DISPARATE TREATMENT DISCHARGE

108.

Plaintiff incorporates by reference paragraphs 1-107 of this Complaint as if fully set forth herein.

109.

Plaintiff was employed by Henry County.

110.

At all relevant times, Defendant McCanless was Plaintiff's supervisor.

111.

Defendant McCanless had the ability to hire, fire, discipline, demote, and/or layoff Plaintiff.

112.

Defendant McCanless on behalf of Henry County discriminated against Ms. Walker due to her gender and ultimately discharged Plaintiff.

113.

Plaintiff has a claim for dispariate treatment discharge because (1) she was a member of a protected class; (2) her job performance was sufficient to meet employer's expectations; (3) she was discharged; and (4) upon information and belief the employer sought a replacement for her.

114.

Henry County is liable for the actions of Defendant McCanless.

115.

Ms. Walker suffered damages as a result of this discriminaiton.

116.

As a direct and proximate result of Henry County's above-mentioned discriminatory actions, Plaintiff has suffered lost wages and benefits, significantly diminished future employment opportunities, and emotional distress consisting of outrage, shock, and humiliation.

## SEVENTH CAUSE OF ACTION:

### UNLAWFUL RETALIATION

117.

Plaintiff hereby incorporates, as if specifically set forth herein, each and every allegation contained in the preceding paragraphs 1 through 116.

118.

Plaintiff complained about the sexual discrimination and racial discrimination that she was subjected to while employed at Henry County, and as a result of such complaints, Plaintiff suffered an adverse employment action and was retalitrily discharged.

119.

Plaintiff suffered damages as a result of Henry County's retaliatory conduct.

120.

As a direct and proximate result of Henry County's above-mentioned discriminatory actions, Plaintiff has suffered lost wages and benefits, significantly diminished future employment opportunities, and emotional distress consisting of outrage, shock, and humiliation.

## **FIFTH CAUSE OF ACTION:**

## **NEGLIGENT RETENTION AS CONTEMPLATED UNDER GEORGIA LAW**

121.

Plaintiff hereby incorporates, as if specifically set forth herein, each and every allegation contained in the preceding paragraphs 1 through 120.

122.

On information and belief, Defendant Henry County knew, or should have known, of Defendant McCanless' propensity for discriminating against blacks, and for sexually harassing female employees and failed to take reasonable care in its hiring of Defendant McCanless.

123.

Defendant Henry County failed to take reasonable care in ascertaining and acting upon Plaintiff's allegations of sexual harassment and racial discrimination.

124.

Defendant Henry County had actual and/or constructive knowledge of Defendant McCanless' unlawful actions against Plaintiff and others. Moreover, it was foreseeable to Defendant Henry County that Defendant McCanless, among others, would continue to engage in sexual harassment, racial discrimination, and misconduct against Plaintiff and others.

125.

Defendant Henry County have been (were) negligent in retaining Defendant McCanless in their employment thereby breaching its duty to Plaintiff to provide a working environment free from the above-described racial harassment.

126.

As a result of said negligence, which has been gross and in reckless disregard for the Plaintiff's health and safety, Plaintiff has developed physical and emotional symptoms of stress, depression, anxiety and great emotional distress, as well as other losses.

127.

Defendant Henry County's negligent supervision and retention of Defendant McCanless, including its failure to condemn his actions and take meaningful remedial action against him, directly resulted in injury to Plaintiff.

128.

As a direct result Defendant Henry County's grossly negligent hiring, retention, and supervision of Defendant McCanless, failure to take meaningful remedial action and provide a safe work environment, and acts of misconduct, Plaintiff has suffered and continues to suffer severe emotional,

as well as physical pain for which Defendant Henry County should be held liable.

129.

Henry County has a duty to both adequately supervise its employees; and conduct a reasonable inquiry prior to hiring its employees.

130.

Henry County has breached these duties by failing to adequately supervise Defendant McCanless.

131.

Henry County's actions in failing to adequately supervise Defendant McCanless, caused the Plaintiff to suffer damages.

132.

Henry County's failure to terminate Defendant McCanless provided the opportunity for Defendant McCanless to continue to harass, and retaliate against the Plaintiff, and thus constitutes negligence which proximately caused the damages and emotional harm of which Plaintiff complains of herein, for which Henry County is liable to the Plaintiff for monetary damages, including punitive damages, in an amount to be determined at trial.

### SIXTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

133.

Plaintiff incorporates by reference paragraphs 1 through 104 of this Complaint as if fully set forth herein.

134.

The malicious and willful acts of Defendant McCanless, and others, in racially discriminating, sexually assaulting, and harassing Plaintiff were so insulting as to naturally humiliate, embarrass, and frighten the Plaintiff.

135.

The malicious and willful acts of Defendant McCanless in racially discriminating, sexually assaulting and harassing Plaintiff were outrageous and were intended to, and did, inflict severe emotional and mental distress upon Plaintiff, or were with reckless disregard of the probability of causing Plaintiff emotional distress

136.

The aforementioned conduct constituted intentional infliction of emotional distress in violation of Georgia law, and as a result of these acts, Plaintiff has suffered severe and grievous emotional distress anxiety, nervousness, humiliation,

pain and suffering including, but not limited to, psychological harm and agony.

### 137.

By failing to take any significant or meaningful remedial action against Defendant McCanless for his intentional infliction of emotional distress upon Plaintiff, Defendant Henry County condoned and ratified Defendant McCanless' tortuous intentional infliction of emotional distress.

### 138.

In carrying out the previously mentioned intentional and outrageous acts of misconduct against Plaintiff, Defendant Henry County knew or should have known that such conduct would cause Plaintiff severe emotional, as well as physical, pain and suffering.

### 139.

Defendant McCanless' and Defendant Henry County's conduct as set forth herein was extreme, outrageous and intolerable. As a result, Defendants McCanless and Defendant Henry County are jointly and severally liable to Plaintiff for damages, which will be established by the evidence at the time of trial.

### 140.

As a direct and proximate result of Defendant Henry County's above-mentioned discriminatory actions and/or

omissions, Plaintiff has suffered lost wages and benefits and lost, or significantly diminished, employment opportunities. Further, Plaintiff has suffered, and continues to suffer, severe and grievous emotional distress anxiety, nervousness, humiliation, pain and suffering including, but not limited to, psychological harm and agony for which Plaintiff may recover from Defendant McCanless, Jim Risher and Defendant Henry County, jointly and severally.

### 141.

The aforementioned conduct constituted intentional infliction of emotional distress in violation of Georgia law, and as a result of these acts, Plaintiff has suffered, and continues to suffer, severe and grievous emotional distress, anxiety, nervousness, humiliation, pain and suffering, including, but not limited to, psychological harm and agony for which both Defendants are liable.

### 142.

By intentionally inflicting emotional distress upon Plaintiff, Defendants have violated Georgia law, and are liable jointly and severally to Plaintiff for special, general, compensatory and punitive damages in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION

## INVASION OF PRIVACY

143.

Plaintiff hereby incorporates by reference paragraphs 1 through 142 of this Complaint as if fully set forth herein.

144.

Defendant McCanless' conduct as detailed above constituted an unwanted intrusion into the Plaintiff's privacy.

145.

Specifically, Defendant McCanless' harassment, heretofore described above, imposed his authority over the Plaintiff so as to exert control over the Plaintiff's person, and security, which constitutes an invasion of Plaintiff's right to privacy protected under Georgia Law for which Defendant McCanless is liable to the Plaintiff for an amount to be determined at trial

146.

Henry County is vicariously liable through its agents in as much as they were on notice of Defendant McCanless' propensity for such conduct, knew that Plaintiff was a potential victim, and did nothing to prevent or intervene on her behalf.

**WHEREFORE,** Plaintiff demands a **TRIAL BY JURY** and demands the following relief:

A.    the Court adjudge Defendant Henry County to have engaged in unlawful employment practices under, *inter alia*, Title VII of the Civil Rights Act of 1964, as amended;

B.    the Court enjoin Defendant Henry County from engaging in unlawful employment practices under, *inter alia*, Title VII of the Civil Rights Act of 1964, as amended

C.    the Court order that Plaintiff be reinstated to her former position with Defendant Henry County and be    paid all lost back pay and lost benefits which Plaintiff suffered as a result of Defendant Henry County's unlawful employment practices;

D.    an award of her medical expenses against Defendants joint and severally which Plaintiff has incurred as a direct result of the injuries inflicted upon her by the conduct of the Defendants herein, in an amount to be proven at trial;

E.    an award of compensatory damages against Defendants joint and severally, in an amount to be determined by the enlightened   conscious of a jury, including, but not limited to, back pay, loss of benefits, emotional distress, pain and suffering, mental anguish, loss of enjoyment of life;

F.   an award of punitive damages in an amount to be proven at trial and sufficient to deter the malicious, willful, wanton and reckless conduct by the Defendants herein;

G.   Recovery of the necessary expenses of litigation, including reasonable attorneys' fees under 42 U.S.C. 1988; and;

H.   Such other and further relief as this Court deems just and proper.

Respectfully submitted this _____ day of March, 2004.

_____
J. STEPHEN MIXON, ESQ.
Attorney for Plaintiff
State Bar No. 514050

Millar, Mixon, and Hunt, LLC
108 Williamson Mill Road.
Jonesboro, Georgia 30236
770-477-6360

_____
Michelle R. CLARK, ESQ.
Georgia Bar # 072683
Attorney for Plaintiff

LAW OFFICE OF MICHELLE R. CLARK, LLC
135 Eagles Walk, Suite 325
Stockbridge, Georgia  30281
(770) 389-9539

STATE OF GEORGIA      )
                      )
COUNTY OF HENRY       )

## V E R I F I C A T I O N

PERSONALLY APPEARED BEFORE ME, the undersigned attesting officer, duly qualified to administer oaths GLORIA WALKER, who, after being duly sworn, deposes and states under oath that the information supplied in the foregoing COMPLAINT FOR DAMAGES is true and correct to the best of her knowledge.

This __8th__ day of __March__ 2004.

_____
**GLORIA WALKER**

Sworn to and subscribed before me
this __8__ day of __March__, 2004.

_____
NOTARY PUBLIC

## CHA : OF SCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AC CY | CHARGE NUMBER |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 110A203085 |

_____ and EEOC
State or local Agency, if any

| NAME (Indicate Mr , Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Ms. Gloria L. Walker | (678) 583-1495 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 305 Shasta Lane, Mc Donough, GA 30253 | | 08/15/1963 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Henry County B O C | Cat D (501 +) | (770) 954-2400 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 140 Henry Parkway, Mc Donough, GA 30253 | | 151 |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

| CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es)) | DATE DISCRIMINATION TOOK PLACE |
|---|---|
| ☒ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN | EARLIEST          LATEST |
| ☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER (Specify) | 02/22/2002  05/24/2002 |
| | ☒ CONTINUING ACTION |

THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s)):

I. On July 1, 1999, I was hired by the above-named employer. My present position is that of Senior Buyer. My supervisor has denied me opportunities to grow within the Purchasing Department. He has denied me transfers on at least five (5) occasions, denied me raises, sexually harassed me, made racial slurs in my presence. On May 24, 2002, I was disciplined and falsely accused of falsifying purchasing documents.

II. No reasons were given for denial of transfers, raises. sexual harassment or my failure to progress within my department

III. I believe that I have been discriminated against because of my race, Black, and sex, female, in violation of Title VII of the Civil Rights Act of 1964, as amended.

RECEIVED !

JUN 0 4 2002

EEOC-ATLO

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT |
| 6-4-02                _Gloria M Walker_ | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Month, day and year) |
| Date          Charging Party (Signature) | |

EEOC FORM 5 (Rev. 07/99)

CHARGING PARTY

EXHIBIT
A

# CHARGE OF DISCRIMINATION

| | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | ☐ FEPA ☒ EEOC | 110A204349 |

_____ and EEOC

*State or local Agency, if any*

| NAME *(Indicate Mr., Ms., Mrs.)* | HOME TELEPHONE *(Include Area Code)* |
|---|---|
| Ms. Gloria L. Walker | (678) 583-1495 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 305 Shasta Lane, Mc Donough, GA 30253 | | 08/15/1963 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE *(Include Area Code)* |
|---|---|---|
| Henry County Board Of Commissioners | Cat D (501 +) | (770) 954-2400 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 140 Henry Parkway, Mc Donough, GA 30253 | | 151 |

| NAME | TELEPHONE NUMBER *(Include Area Code)* |
|---|---|
| | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

| CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))* | DATE DISCRIMINATION TOOK PLACE |
|---|---|
| ☒ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN ☒ RETALIATION ☐ AGE ☐ DISABILITY ☐ OTHER *(Specify)* | EARLIEST 02/22/2002   LATEST 09/10/2002 ☐ CONTINUING ACTION |

THE PARTICULARS ARE *(If additional space is needed, attach extra sheet(s)):*

I was hired by Henry County Board of Commissioners on July 1, 1999. On June 4, 2002, I filed an EEOC Charge of Discrimination (110A203085). Since filing the charge, I have been retaliated against by being placed on administrative leave with pay on June 21, 2002, and continuously denied reinstatement to my position as Senior Buyer or a comparable position.  On September 10, 2002, I was discharged.

Jim Risher, County Manager, told me I was being placed on administrative leave pending the EEOC mediation and further investigation. No reason was given for not providing me with a comparable position.

I believe I have been discriminated against because of my sex (female), my race (Black) and in retaliation for opposing employment practices I believe to be unlawful under Title VII of the Civil Rights Act of 1964, as amended.

RECEIVED

SEP 11 2002

EEOC-ATDO

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - *(When necessary for State and Local Requirements)* |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| Date 9-11-02   *Gloria M. Walker*   Charging Party *(Signature)* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(Month, day and year)* |

EEOC FORM 5 (Rev. 07/99)

CHARGING PARTY COPY

EXHIBIT
B



**U.S. Department of Justice**

Civil Rights Division
NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

---

CERTIFIED MAIL
3509 2334

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson, EMP, PHB, Room 4239*
*Washington, DC 20530*

Ms. Gloria L. Walker
c/o Michelle R. Clark, Esquire
Law Office of Michelle R. Clark
Attorneys at Law
135 Eagle's Walk, Ste. 325
Stockbridge, GA  30281

December 9, 2003

Re:  EEOC Charge Against Henry County Board of Commissioners, et al.
     No. 110A203085

Dear Ms. Walker:

Because you filed the above charge with the Equal Employment
Opportunity Commission, and more than 180 days have elapsed since
the date the Commission assumed jurisdiction over the charge, and no
suit based thereon has been filed by this Department, and because
you through your attorney have specifically requested this Notice,
you are hereby notified that you have the right to institute a civil
action under Title VII of the Civil Rights Act of 1964, as amended,
42 U.S.C. 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be
filed in the appropriate Court within 90 days of your receipt of
this Notice.

This Notice should not be taken to mean that the Department of
Justice has made a judgment as to whether or not your case is
meritorious.

Sincerely,

R. Alexander Acosta
Assistant Attorney General
Civil Rights Division

by    Karen L. Ferguson

Karen L. Ferguson
Civil Rights Analyst
Employment Litigation Section

cc:  Atlanta District Office, EEOC
     Henry County Board of Commissioners, et al.

EXHIBIT
C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

GLORIA WALKER,                      )
                                    )
    Plaintiff,                  )  CIVIL ACTION
                                    )
v.                                  )  FILE NO.:_____
                                    )
HENRY COUNTY and Individual         )
DEFENDANT RALPH MCCANLESS           )  **JURY TRIAL DEMANDED**
                                    )
    Defendants.                 )


TO:  Henry County
    c/o Linda Angus, Chairman
    Henry County Board of Commissioners
    140 Henry Parkway
    McDonough, Georgia 30253

    YOU ARE HEREBY SUMMONED and required to file with the Clerk
of this Court and serve upon the PLAINTIFFS

J. STEPHEN MIXON, ESQ.
MILLAR,MIXON & HUNT, L.L.C.
108 Williamson Mill Road
Jonesboro, GA 30236
770-477-6360

an answer to the Complaint which is herewith served upon you,
within 20 days after the service of this summons upon you,
exclusive of the day of service.  If you fail to do so, judgment
by default will be taken against you for the relief demanded in
the Complaint.  You must also file your Answer with the Clerk of
this Court within a reasonable period of time after service.


_____           _____
CLERK                             DATE


_____
BY DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| GLORIA WALKER, | ) |
| | ) |
|     Plaintiff, | )   CIVIL ACTION |
| | ) |
| v. | )   FILE NO.:_____ |
| | ) |
| HENRY COUNTY and Individual | ) |
| DEFENDANT RALPH MCCANLESS | )   **JURY TRIAL DEMANDED** |
| | ) |
|     Defendants. | ) |

TO:  Mr. Ralph McCanless
     9272 Chestnut Lane
     Jonesboro, GA 30236

    YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon the PLAINTIFFS

J. STEPHEN MIXON, ESQ.
MILLAR,MIXON & HUNT, L.L.C.
108 Williamson Mill Road
Jonesboro, GA 30236
770-477-6360

an answer to the Complaint which is herewith served upon you, within 20 days after the service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint. You must also file your Answer with the Clerk of this Court within a reasonable period of time after service.

_____      _____
CLERK                             DATE

_____
BY DEPUTY CLERK



## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

GLORIA WALKER,                          )
                                        )
        Plaintiff,                      )        CIVIL ACTION
                                        )
v.                                      )        FILE NO.: **1** 04-CV 0649
                                        )
HENRY COUNTY and Individual             )
DEFENDANT RALPH MCCANLESS               )        **JURY TRIAL DEMANDED** **MHS**
                                        )
        Defendants.                     )

TO:  Mr. Ralph McCanless
     9272 Chestnut Lane
     Jonesboro, GA 30236

        YOU ARE HEREBY SUMMONED and required to file with the Clerk
of this Court and serve upon the PLAINTIFFS

                J. STEPHEN MIXON, ESQ.
            MILLAR,MIXON & HUNT, L.L.C.
             108 Williamson Mill Road
                 Jonesboro, GA 30236
                   770-477-6360

an answer to the Complaint which is herewith served upon you,
within 20 days after the service of this summons upon you,
exclusive of the day of service.  If you fail to do so, judgment
by default will be taken against you for the relief demanded in
the Complaint.  You must also file your Answer with the Clerk of
this Court within a reasonable period of time after service.


**LUTHER** D. _____        **MAR** _____
CLERK                          DATE

_W Rose_
BY DEPUTY CLERK

ORIGINAL

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

GLORIA WALKER,                    )
                                  )
        Plaintiff,                )    CIVIL ACTION
                                  )
v.                                )    FILE NO.: 1 04-CV 0649
                                  )
HENRY COUNTY and Individual       )
DEFENDANT RALPH MCCANLESS         )    **JURY TRIAL DEMANDED**
                                  )                      -MHS
        Defendants.               )

TO:  Henry County
     c/o Linda Angus, Chairman
     Henry County Board of Commissioners
     140 Henry Parkway
     McDonough, Georgia 30253

     YOU ARE HEREBY SUMMONED and required to file with the Clerk
of this Court and serve upon the PLAINTIFFS

                    J. STEPHEN MIXON, ESQ.
                  MILLAR,MIXON & HUNT, L.L.C.
                   108 Williamson Mill Road
                     Jonesboro, GA 30236
                        770-477-6360

an answer to the Complaint which is herewith served upon you,
within 20 days after the service of this summons upon you,
exclusive of the day of service.  If you fail to do so, judgment
by default will be taken against you for the relief demanded in
the Complaint.  You must also file your Answer with the Clerk of
this Court within a reasonable period of time after service.


_____          _____
CLERK                            DATE


_____
BY DEPUTY CLERK