UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GLORIA WALKER,                          :

    Plaintiff,                       :

                                                       CIVIL ACTION NO.

v.                                      :

                                                       1:04-CV-0649-MHS

HENRY COUNTY, et al.,                   :

    Defendants.                      :

### ORDER

This matter is before the Court on the Magistrate Judge's Non-Final Report and Recommendation ("R&R") and the objections thereto. The Court's rulings and conclusions are set forth below.

Background

The Court adopts the facts of the R&R. The Court sets forth the following facts which are relevant to the objections to the R&R. At the time of the incidents in question, defendant Henry County employed plaintiff Gloria Walker as a Senior Buyer in the County's Purchasing Department. Defendant Ralph McCanless was plaintiff's supervisor and the Purchasing Department Director.

AO 72A
(Rev.8/82)

On May 24, 2002, plaintiff went to the Human Resources Office to dispute a disciplinary action memo she had received from McCanless and to find out the procedures for filing a grievance. Upon the suggestion of Human Resources Director Rudene Oliver, plaintiff met with County Manager Jim Risher on the following Monday to discuss the matter. During their meeting, plaintiff explained that she had requested numerous transfers because she wanted out of the department due to McCanless' inappropriate behavior and comments to her. Risher told Oliver to cancel the disciplinary action memo that had been filed against plaintiff and to issue McCanless a verbal warning. Risher also told plaintiff to begin keeping a journal for future reference.

On June 4, 2002, plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") alleging that defendant Henry County had discriminated against her because of her race and sex in violation of Title VII and made complaints that McCanless had sexually harassed her, had denied her opportunities to grow with her department, transfers, and raises, and had disciplined and falsely accused her on May 24, 2002.

On June 6, 2002, defendant County offered plaintiff the opportunity to transfer to the position of right-of-way technician, but plaintiff declined this

2

AO 72A
(Rev.8/82)

offer because it required her to work outdoors and was not comparable to her current position in the Purchasing Department. On June 20, 2002, defendant County placed both plaintiff and McCanless on administrative leave with pay.

In August of that year, defendant County notified plaintiff that she should report to work in the County's Finance Department on August 13, 2002. Plaintiff reported as requested but was informed that her office would be a storage room and was not ready for occupancy. A manager told plaintiff that a position was not available and there was nothing for her to do. Plaintiff then left.

Defendant County notified plaintiff via letter on August 30, 2002, that she was to return to work on September 4, 2002, for an assignment to a position in the Finance Office. Defendant stated in its letter that there would need to be training and an orientation period but that the job should be equal in all respects to the position plaintiff held with the Purchasing Department. On September 3, 2002, plaintiff's counsel notified defendant via letter that plaintiff was neither qualified nor interested in the position of Courts Accounting Clerk that defendant County had offered her in the Finance Department. Plaintiff's counsel explained that plaintiff did not have the

qualifications specified in the position's job description, namely bookkeeping and accounting experience or any experience in the field of finance or bookkeeping.

On September 10, 2002, defendant County notified plaintiff that she was being terminated for failing to and/or refusing to report to work as requested on September 4, 2004.

Plaintiff filed a second EEOC complaint on September 11, 2002, alleging that since filing her original EEOC charge on June 2, 2002, she had been retaliated against by being placed on administrative leave with pay and continuously denied reinstatement to her position as a Senior Buyer or a comparable position. She explained that she had been terminated on September 10, 2002, and that she believed she had been discriminated against because of her sex, race, and in retaliation for opposing employment practices she believed to be unlawful under Title VII.

Plaintiff appealed her termination to the Henry County Board of Commissioners. A hearing was held on October 14, 2002, where plaintiff explained that she would like to return to her position as a Senior Buyer

because it was a job she enjoyed. She further stated that she could not go back to this job because the County refused to reprimand her supervisor, McCanless. The Board of Commissioners recognized that plaintiff had raised the issue that she was not given notification properly of her termination and that plaintiff requested pay based on that error. The Board agreed to have her pay reinstated from September 10, 2002, until the date of the hearing, denied her appeal, and made her termination effective as of October 14, 2002.

Plaintiff brought her action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), et seq. and under Georgia law against Henry County, and her former supervisor, Ralph McCanless. She alleged sexual harassment/hostile work environment, sex discrimination, race discrimination, and retaliation, in violation of Title VII against Henry County. Under Georgia law, she alleged negligent retention against Henry County and intentional infliction of emotional distress and invasion of privacy against McCanless.

Both defendants filed motions for summary judgment. The R&R recommended that Henry County's motion be granted in part and denied in

AO 72A
(Rev.8/82)

part and that all of plaintiff's claims except her Title VII claim of retaliatory suspension and termination be dismissed.

Defendant Ralph McCanless did not file any objections to the R&R and plaintiff did not file any objections to the R&R regarding any rulings concerning defendant McCanless. After a _de novo_ review of the record, the Court concludes that the R&R is correct as it relates to defendant McCanless, and the Court adopts this part of the R&R.

Defendant Henry County filed objections to the R&R to which plaintiff responded. The Court addresses these objections below.

Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no 'genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily

renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

The movant bears the initial responsibility of asserting the basis for his motion. Celotex, 477 U.S. at 323; Apcoa, Inc. v. Fidelity National Bank, 906 F.2d 610, 611 (11th Cir. 1990). However, the movant is not required to negate his opponent's claim. The movant may discharge his burden by merely "'showing' -- that is, pointing out to the district court -- that there is an absence of evidence to support the non-moving party's case." Celotex, 477 U.S. at 325. After the movant has carried his burden, the non-moving party is then required to "go beyond the pleadings" and present competent evidence designating "specific facts showing that there is a genuine issue for trial." Id. at 324. While the court is to view all evidence and factual inferences in a light most favorable to the non-moving party, Samples v. City of Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988), "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).

A fact is material when it is identified by the controlling substantive law as an essential element of the non-moving party's case. Anderson, 477 U.S. at 248. An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the nonmovant. Id. The nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). An issue is not genuine if it is unsupported by evidence, or if it is created by evidence that is "merely colorable" or is "not significantly probative." Anderson, 477 U.S. at 249-50. Thus, to survive a motion for summary judgment, the non-moving party must come forward with specific evidence of <u>every</u> element material to that party's case so as to create a genuine issue for trial.

Discussion

When a party raises objections to a R&R, the Court must make a <u>de novo</u> determination as to any part of the disposition to which the party objects. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). The Court may modify, reject, or accept, in whole or in part, the R&R. Id.

AO 72A
(Rev.8/82)

Plaintiff argues that she complained about the racial and sexual discrimination she experienced while employed by Henry County, and as a result of these complaints, she suffered an adverse employment action and was discharged in retaliation. The R&R concluded that plaintiff had established a prima facie case of retaliation and that a jury could find that the reason given by defendant County for terminating plaintiff was pretextual.

Defendant Henry County objects to the R&R and argues that the R&R committed error by denying summary judgment to the County on plaintiff's retaliation claim. First, defendant argues that plaintiff's suspension was not an adverse employment action, the decision-makers were unaware of plaintiff's EEOC charge of discrimination, and defendant articulated a legitimate, non-discriminatory reason for plaintiff's suspension. Second, defendant contends that the R&R fails to analyze a casual connection between plaintiff's termination and EEOC claim and that defendant's reason for terminating plaintiff, job abandonment, was a legitimate, non-discriminatory reason.

To establish a prima facie case of retaliation, plaintiff must show (1) she engaged in statutorily protected conduct; (2) she suffered an adverse employment action; and (3) the adverse action was casually related to the protected expression. Farley v. Nationwide Mut. Ins., 197 F.3d 1322, 1336 (11th Cir. 1999). Once plaintiff establishes a prima facie case of retaliation, the burden switches to defendant to articulate a nondiscriminatory or non-retaliatory reason for its treatment of plaintiff. Pennington v. City of Huntsville, 261 F.3d 1262, 1266 (11th Cir. 2001). If defendant presents a legitimate explanation for its actions, the burden then returns to plaintiff to show that the explanation is pretext for prohibited retaliatory conduct. Id.

Plaintiff was engaged in statutorily protected conduct when she filed a complaint with the EEOC on June 4, 2002, and when she complained about McCanless' behavior to Human Resources Director Rudene Oliver and County Manager Jim Risher. Johnson v. Booker T. Washington Broadcasting Service, Inc., 234 F.3d 501, 507 (11th Cir. 2000) (statutorily protected conduct under Title VII includes filing formal complaints with the EEOC and complaining to superiors about sexual harassment).

Plaintiff argues that she suffered adverse employment actions on three occassions: (1) on June 20, 2002, when Henry County placed her on administrative leave with pay; (2) when plaintiff was unable to resume her position in the Purchasing Department while McCanless returned to his position in the Department after serving some of his suspension; and (3) when Henry County ultimately terminated plaintiff. The Court must evaluate whether an action is sufficient to constitute an adverse employment action on a case-by-case basis. Gupta v. Fla. Bd. of Regents, 212 F.3d 571, 587 (11th Cir. 2000). An adverse employment action need not reach the level of an ultimate employment action and can include conduct that alters plaintiff's terms, conditions, or privileges of employment, deprives her of employment opportunities, or adversely affects her status as an employee. Id.; Wideman v. Wal-Mart Stores, Inc., 141 F.3d 1453, 1456 (11th Cir. 1998).

Viewing the evidence in the light most favorable to plaintiff, the Court concludes that each of the three actions presented by plaintiff are sufficient to constitute an adverse employment action. Although the leave was with pay, this action still constitutes an adverse employment action as it deprived plaintiff of employment opportunities and altered the conditions of her employment. See Hairston v. Gainesville Sun Publishing Co., 9 F.3d 913, 920

11

(11th Cir. 1994) (suspension with pay for thirty days is an adverse employment action). Plaintiff's inability to return to her position in the Purchasing Department while McCanless was allowed to return also altered the terms, conditions, and privileges of her employment and deprived her of employment opportunities. Plaintiff was offered other positions, but these positions involved significantly different responsibilities. See Johnson, 234 F.3d at 512 (noting that reassignment with significantly different responsibilities can be an adverse employment action). Finally, plaintiff's termination was an ultimate employment decision that changed her employment status. Moreover, when the Court considers these actions collectively they also rise to the level of an adverse employment action. Wideman, 141 F.3d at 1456 (considering all actions complained of by employee collectively to constitute discrimination prohibited by Title VII).

The "casual connection" element of plaintiff's prima facie case is construed broadly, and plaintiff need only show that the protected activities and the adverse employment actions are not completely unrelated. Id. at 1457; see also Pennington, 261 F.3d at 1266. Plaintiff must show that defendant was aware of plaintiff's protected conduct, and "close temporal

proximity" may sometimes be sufficient to show the casual connection. Gupta, 212 F.3d at 590.

The Court finds that defendant was aware of plaintiff's complaints because she made these complaints to the County Manager and Human Resources Director and defendant began an investigation of plaintiff's complaints around May 31, 2002. Defendant was also aware of plaintiff's EEOC charge: defendant's notice to plaintiff of her suspension stated "Administrative leave with pay until EEOC mediation and further investigation." Def. Henry County's Mot. for Summ. J., Exh. 5. The Court concludes that the adverse employment actions and plaintiff's protected activities are not wholly unrelated. Plaintiff made complaints to County Manager Risher and Human Resources Director Oliver on May 28, 2002, and she filed her EEOC complaint on June 2, 2002. She was suspended with pay on June 20, 2002. McCanless was returned to his original position at the end of August or beginning of September after defendant County's investigation while plaintiff was not returned to her position at this time. Plaintiff was initially terminated in September and then officially on October 14, 2002. These series of adverse employment actions began within one month of plaintiff's complaints and terminated three months later. The Court

concludes that the adverse employment actions and plaintiff's protected expression were casually related. Accordingly, the Court agrees with the R&R that plaintiff has made a prima facie case of retaliation.

The burden now switches to defendant to articulate a legitimate non-discriminatory reason for placing plaintiff on administrative leave with pay, not returning her to her original position, and eventually terminating her. In its motion for summary judgment, defendant argues that its legitimate non-discriminatory reason for terminating plaintiff was that she abandoned her job. Defendant also argues that plaintiff was not qualified for employment at any time relevant to her termination because plaintiff was disabled at that time.

Plaintiff argues in response to defendant's motion that defendant County's reasons for terminating her were mere pretext because she did not abandon her position. She argues that instead of abandoning her position, she was not allowed to return to her original position although she was willing to do so. She also avers that although defendant offered her other positions including one that required her to work outdoors for lesser pay and another position that was non-existent, defendant did not attempt to locate

14

a comparable position suitable to her knowledge and skill. She further argues that although her physician recommended she refrain from working as of August 8, 2002, that this recommendation was in response to plaintiff's occupational problems which had resulted from having been put on leave with pay and not being allowed to return to her original position. She avers that the physician's recommendation does not establish that she was not qualified to work as of this date.

Plaintiff need not introduce evidence beyond that already offered to establish a prima facie case, and her burden at summary judgment is not to show by a preponderance of the evidence that defendant's stated reasons were pretext. Hairston, 9 F.3d at 921. Instead, she must introduce evidence that could allow a jury to find that plaintiff has established pretext and that defendant took actions that were in retaliation for engaging in the protected activity. Id. Viewing the evidence in the light most favorable to plaintiff, she has placed material facts at issue, such as whether she abandoned her job or was not allowed to return and whether she was willing or able to return to her original position, upon which a reasonable trier of fact may find that the stated reasons for defendant's adverse employment actions were mere

15

pretext.[1] An employer's true motivations are hard to ascertain, thereby making such factual determinations more appropriately left to a jury and not for disposition at summary judgment. Id. at 919.

Therefore, after a de novo review, the Court agrees with the R&R's recommendation that defendant Henry County's motion for summary judgment should be denied as to plaintiff's Title VII claim of unlawful retaliation. Compl. at 31. The Court's analysis of plaintiff's Title VII unlawful retaliation claim as set forth above expands upon the R&R's analysis. Accordingly, the Court adopts the R&R and modifies the R&R by adding the Court's analysis of this claim.

Conclusion

For the foregoing reasons, the Court ADOPTS the Magistrate Judge's Non-Final Report and Recommendation and MODIFIES the R&R by adding

---

[1] Defendant argues in its objections to the R&R that it did offer a legitimate, non-discriminatory reason for plaintiff's placement on administrative leave with pay: the need to separate plaintiff from McCanless during the pendency of its investigation. First, although plaintiff argued in her response brief to defendant's motion for summary judgment that her administrative leave with pay was an adverse employment action, defendant did not articulate this reason in either its motion for summary judgment or its reply brief. Second, even if the Court were to accept defendant's reason for the administrative leave with pay, plaintiff has created a genuine issue of material fact as to whether defendant's reasons for the two other adverse employment actions were pretext thereby making summary judgment inappropriate.

the analysis set forth above [#59]; GRANTS defendant McCanless' Motion for Summary Judgment [#41]; GRANTS IN PART AND DENIES IN PART defendant Henry County's Motion for Summary Judgment [#43]; and DISMISSES all of plaintiff's claims with the exception of her Title VII claim of unlawful retaliation.

IT IS SO ORDERED, this _____ day of January, 2006.

Marvin H. Shoob, Senior Judge
United States District Court
Northern District of Georgia

AO 72A
(Rev.8/82)